Fletcher, J.
The defendant maintained in his defence, that the cattle were not included in the contract, and that he did not agree to deliver them. To establish this defence, the defendant offered evidence, that he told William Slack, the messenger, at the time the note was delivered to him, that he, the defendant, would not give any thing but the note for the deed of the land; and that William replied, that the plaintiff told him, if he could not get more for the land, to take the' note. The admission of this evidence was resisted by the counsel for the plaintiff, but it was admitted by the court.
It is quite plain, that the whole of this evidence was inadmissible. So far as appears, William Slack was intrusted simply to perform the service of. carrying the deed and bringing back the note and cattle. He had no authority to act for or represent the plaintiff, in any way, in regard to the bargain. His own declaration cannot be taken as proof of authority. William Slack having no authority to say any thing, or to do any thing, in behalf of the plaintiff, in regard to the contract between the plaintiff and defendant, what the defendant said to William, and what William said to the defendant, in the absence of the plaintiff, can, upon no principle, be admitted to affect the rights of the latter.
But it was said in argument, that if the admission of this evidence was erroneous, the error was corrected by the judge in his charge to the jury. The judge, to be sure, instructed the jury, that the statements of William Slack were not evidence of the truth of any thing related by him; but he also said, at the same time, that the fact that certain things were said by him might be considered by the jury, so far as it tended to explain and account for the conduct of the parties.
*589 If what was said by him might be considered by the jury, to explain the conduct of the defendant in not sending the oxen, this would seem to be giving full effect to his statement, that the plaintiff told him if he could not get more for the land to take the note. The conduct of the defendant, in not sending the oxen, and of the plaintiff in receiving the note without the oxen, was explained and accounted for, by the statement of William to the defendant of what the plaintiff told him. This was giving a decisive effect to incompetent and inadmissible evidence.
There was a question as to the admissibility of certain evidence, on the part of the plaintiff, upon which, though not necessary to be now determined, the court have formed an opinion ; which, it may be convenient to the parties to state at this time. The evidence in question is as to the conversation between the plaintiff and William Slack, on the return of the latter from the defendant’s with the note, but without the oxen. It is very clear, that what was then said by the plaintiff to William, and by William to the plaintiff, when the note was delivered to the plaintiff without the oxen, and in the absence of the defendant, was wholly inadmissible. William was in no sense the agent or representative of the defendant, except simply to deliver the note. The plaintiff, therefore, could have no right to give in evidence his own sayings to William, in the absence of the defendant, to affect the rights of the defendant. That the plaintiff cannot, for his own benefit, make use of his own declarations or sayings, in the absence of the defendant, is altogether too clear for controversy. ’
Nor is there any principle of law which warrants the admission of the declaration of William to the plaintiff. This declaration was not connected with nor made a part of any act, which William was authorized to perform. It was merely an unauthorized declaration, unaccompanied by any authorized act, made in the absence of the defendant, and tending to affect injuriously the rights and interests of the defendant. The familiar principles of law and sound reason, and the principles of justice, forbid the admission in evidence of such a *590 declaration. Suppose the defendant had in fact delivered the oxen to William, to be delivered to the plaintiff, but instead of delivering them to the plaintiff, William had converted them to his own use, and to conceal his own misconduct, had made this declaration to the plaintiff, it would most manifestly be unjust to permit it to go in evidence against the defendant, in a suit for damages for not delivering the oxen. In truth, the plainest principles of law and justice require, that the declaration of William, under the circumstances, should not be admitted in evidence to the prejudice of the defendant. But the error in admitting this evidence on the part of the plaintiff would not justify the admission of incompetent evidence on the'part of the defendant.

Verdict set aside cmd new trial ordered.